IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN R. FORREST, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | No. 16-1097-JDT-egb |
| | ) | Crim. No. 07-10058-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR BAIL AND
DENYING MOTION FOR NEW APPOINTED COUNSEL

The Movant, Justin R. Forrest, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on May 13, 2016, in which he challenges his sentence on the basis of the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) In accordance with Administrative Order 2015-18, Forrest is now represented by M. Dianne Smothers, an Assistant Federal Public Defender. The case is being held in abeyance pending the decision of the Sixth Circuit Court of Appeals on Forrest's application to file a second, successive § 2255 motion.

On August 11, 2016, Forrest filed a *pro se* motion for bail pending the outcome of this case. (ECF No. 11.) There is no statutory authority for releasing a prisoner on bond pending a ruling in a § 2255 proceeding; however, district courts have the inherent power to grant bail. *See Jago v. U.S. Dist. Ct.*, 570 F.2d 618, 622 (6th Cir. 1978). A movant "must be able to show not only a substantial claim of law based on the facts surrounding the petition but

also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)); *see also Morgan v. United States*, No. 93-2267, 1994 WL 182141, at *1 (6th Cir. May 11, 1994) ("Exceptional circumstances must exist to warrant granting bail, along with a substantial likelihood of success in the § 2255 motion.").

Forrest contends that exceptional circumstances are present in this case because he will be entitled to immediate release if his § 2255 is granted. However, the Court finds that possibility alone does not constitute the kind of exceptional circumstance deserving of special treatment that warrants the granting of bond. Therefore, the motion for bail is DENIED.

On November 14, 2016, Forrest filed a *pro se* motion for new appointed counsel. (ECF No. 12.) He claims that Ms. Smothers has failed to adequately communicate with him and falsely advised him that his application to file a second or successive § 2255 motion had been granted by the Sixth Circuit. Therefore, Forrest contends he has been misled and lied to by counsel.

While Ms. Smothers did advise Forrest that leave to file a successive § 2255 motion had been granted when that was not actually the case (*see* ECF No. 12-1), there is nothing to suggest that it was anything but inadvertent. There is no indication there was any attempt to deliberately mislead or lie to Forrest. Furthermore, counsel's failure to respond to Forrest's messages about the possibility of filing a reply to the Government's response to his

application in the Sixth Circuit is not sufficient justification to appoint a new attorney.[1]

The motion for new counsel is DENIED.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit's case-opening letter did not provide for the filing of a reply to the Government's response, nor is such a reply specifically authorized by the Federal Rules of Appellate Procedure, the Sixth Circuit Rules or the Sixth Circuit's Internal Operating Procedures.